JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

BRIAN D. BUCKLEY (admitted *pro hac vice*)
bbuckley@fenwick.com
Y. MONICA CHAN (admitted *pro hac vice*)
mchan@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone:    206.389.4510
Facsimile:    206.389.4511

Attorneys for Defendant Adobe Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIKRAM SINGH, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADOBE INC.,<br><br>　　　　　Defendant. | Case No.: 3:24-cv-03980-JSC<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:　　December 5, 2024<br>Time:　　10:00 a.m.<br>Dept:　　Courtroom 8—19th Floor<br>Judge:　 Hon. Jacqueline Scott Corley |

# NOTICE OF MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on December 5, 2024, at 10:00 a.m., or as soon as available, in the courtroom of the Honorable Jacqueline Scott Corley, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant Adobe Inc. will move the Court for an order dismissing this action under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

This Motion is based on this Notice of Motion; Adobe's Memorandum of Points and Authorities; any Reply which Adobe may file in support of this Motion; and any evidence and argument presented to the Court.

Dated: October 28, 2024          FENWICK & WEST LLP


By: */s/ Jedediah Wakefield*
    Jedediah Wakefield
    Tyler G. Newby
    Molly R. Melcher
    Brian Buckley (*pro hac vice*)
    Y. Monica Chan (*pro hac vice*)

Attorneys for Defendant Adobe Inc.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff is a California resident who allegedly enrolled in an Adobe subscription service. He claims that, under California law, Adobe failed to obtain proper consent for that subscription. Plaintiff seeks to represent a class of California consumers who incurred fees for renewing Adobe subscriptions. To establish the Court's subject matter jurisdiction, Plaintiff invokes the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). While CAFA cases do not require complete diversity of citizenship, CAFA requires minimal diversity, and there is no minimal diversity here. Plaintiff is a California resident, purporting to represent a class of only California residents, suing a California resident (Adobe's principal place of business is in California). Consequently, pursuant to Fed. R. Civ. P. 12(b)(1), the Court lacks subject matter jurisdiction, and this action must be dismissed.

Even if Plaintiff had pled minimal diversity, CAFA still would not apply. CAFA has separate but related exceptions for "local controversies" and "home-state controversies." Under either exclusion, courts decline jurisdiction over disputes that are essentially "local in nature." Here, Plaintiff's allegations and claims relate entirely to California and involve exclusively California residents. As such, CAFA does not apply and, on that independent basis too, the Court lacks subject matter jurisdiction, and the case must be dismissed.

## II. STATEMENT OF ISSUES TO BE DECIDED

Whether Plaintiff's Complaint (Dkt. No. 1) must be dismissed under Fed. R. Civ. P. 12(b)(1) because Plaintiff has not alleged minimal diversity and the Court lacks subject matter jurisdiction.

## III. STATEMENT OF FACTS

Adobe is a Delaware corporation with its principal place of business in California. Compl. ¶ 11. Adobe offers a wide range of software, digital media, and marketing solutions, some of which it provides on a subscription basis. *Id.* ¶ 3.

Plaintiff is a California citizen. Compl. ¶ 9. In June 2022, Plaintiff allegedly signed up for a free trial of Adobe's Creative Cloud All Apps 100GB product and, after the free trial ended, was charged a subscription fee of $29.99 plus tax. *Id.* Plaintiff successfully cancelled his subscription

in May 2023. *Id.*  While Plaintiff offers no details about his experiences enrolling in or cancelling his Adobe subscription, he contends that Adobe failed to provide clear and conspicuous disclosures in violation of California law.  He asserts claims for violations of California's False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 *et seq.*), California's Consumer's Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*), and California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) predicated on violations of California's Automatic Renewal Law (Cal. Bus. & Prof Code §§ 17600 *et seq.*).  Compl. ¶¶ 4-8.

Based on those California claims, Plaintiff seeks to represent an exclusively California-based class of "[a]ll persons in California who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, incurred renewal fee(s) in connection with Defendant's offerings for paid Adobe Subscriptions."  Compl. ¶ 70.

Before filing this motion, Adobe advised Plaintiff's counsel that the Complaint failed to allege minimum diversity and the Court therefore lacked subject matter jurisdiction.  Plaintiff declined to take proactive steps to address the issue.

**IV.     ANALYSIS**

A Rule 12(b)(1) motion tests whether the court has subject matter jurisdiction.[1]  "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  Plaintiff alone "bears the burden of establishing subject matter jurisdiction." *Bate v. Securly, Inc.*, No. 23-CV-1304-AGS-DEB, 2024 WL 3928892, *1 (S.D. Cal. Aug. 23, 2024) (quoting *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997)).  The Complaint is required to include "a short and plain statement of the grounds for the court's jurisdiction …." *Park v. Webloyalty.com, Inc.*, No. 12CV1380-LAB JMA, 2013 WL 4711159, *1 (S.D. Cal. Aug. 30, 2013) (quoting Fed. R. Civ. P. 8(a)(2)).

Under CAFA, a district court has "'original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and

---

[1] Plaintiff's Complaint and allegations are facially deficient, and should be dismissed, for many other reasons.  Adobe does not waive and expressly reserves its right to challenge Plaintiff's claims on the pleadings at a later stage if necessary.

is a class action in which' the parties satisfy, among other requirements, minimal diversity.'" *Diva Limousine, Ltd. v. Uber Techs., Inc.*, 392 F. Supp. 3d 1074, 1082 (N.D. Cal. 2019) (dismissing complaint for lack of subject matter jurisdiction where there was no minimal diversity). "Minimal diversity exists where 'any member of a class of plaintiffs is a citizen of a State different from any defendant.'" *Id.* (quoting 28 U.S.C. § 1332(d)(2)(A)); *see also Bate*, 2024 WL 3928892 at *1. As addressed below, Plaintiff has not pled minimal diversity and, as such, CAFA does not apply here.

### A. Plaintiff Has Not Established Minimal Diversity.

Plaintiff resides in Antioch, California and admits that he is a California citizen. Compl. ¶ 9. Plaintiff seeks to represent a class of "[a]ll persons in California who … incurred renewal fee(s) in connection with Defendant's offerings for paid Adobe Subscriptions." *Id.* ¶ 70. An individual's state of citizenship is determined by that person's state of domicile—a permanent home where that person resides and intends to remain. *Bate*, 2024 WL 3928892 at *1. While a person residing in a state is not necessarily domiciled there, "the state of residency is *prima facie* the state of an individual's citizenship." *Marroquin v. Wells Fargo, LLC*, No. 11CV163-L BLM, 2011 WL 476540, *2 (S.D. Cal. Feb. 3, 2011). Thus, absent any evidence to the contrary, Plaintiff and all putative class members are California citizens.

Adobe is a Delaware corporation with its principal place of business in San Jose, California. Compl. ¶ 11. Adobe therefore is a citizen of both California and Delaware. 28 U.S.C. § 1332(c)(1) (a corporation is a citizen of "every State and foreign state by which it has been incorporated," and the state "where it has its principal place of business"). Thus, there is no minimal diversity here because neither Plaintiff nor any putative class member is a citizen of a different state than Adobe. *See Bate*, 2024 WL 3928892 at *1 (granting motion to dismiss CAFA case where plaintiffs, class members, and defendant were citizens of California); *Marroquin*, 2011 WL 476540 at *2 (same). And the fact that Adobe *also* is a citizen of Delaware does not create minimal diversity. *See, e.g., Duran v. Sephora USA, Inc.*, No. 17-cv-01261-WHO, 2017 WL 3453362, *3 (N.D. Cal. Aug. 11, 2017) (defendant incorporated in Delaware and headquartered in California was a California citizen for diversity jurisdiction analysis).

Pursuant to Rule 12(b)(1), without the requisite minimal diversity under CAFA, the Court must dismiss this action for lack of subject matter jurisdiction.

### B.  CAFA Exceptions Independently Require Dismissal.

The Court also should decline to exercise jurisdiction because two CAFA exceptions (or exclusions) apply here.  First, under CAFA's "local controversy" exception, a "'district court shall decline to exercise jurisdiction' over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007).  This exception applies where:

> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
>
> (II) at least 1 defendant is a defendant—
>
>> (aa) from whom significant relief is sought by members of the plaintiff class;
>>
>> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
>>
>> (cc) who is a citizen of the State in which the action was originally filed; and
>
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
>
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons.

28 U.S.C. § 1332(d)(4)(A).  Plaintiff's lawsuit meets all of these criteria.

Plaintiff asserts claims exclusively on behalf of "persons in California" and alleges that "the Class comprises at least millions of consumers throughout California." Compl. ¶¶ 71, 73. Based on Plaintiff's definitions, it is highly likely that at least two-thirds of the members of the proposed class are California domiciled in the state and are therefore citizens.  *See, e.g.*, *Serrano v. Bay Bread LLC*, No. 14-CV-01087-TEH, 2014 WL 4463843, *3-4 (N.D. Cal. Sept. 10, 2014) (for employment dispute related to location in San Francisco Bay Area, it was "reasonable to infer that most of the … employees live and intend to remain here.").  Adobe also is a California citizen. Additionally, Plaintiff's alleged injuries result from alleged conduct by Adobe that occurred in

California.  *See* Compl. ¶¶ 1, 9, 12.  The Complaint also alleges that Adobe "systematically conducts business in this District and throughout the State of California, and it distributed, advertised, and sold the Adobe Subscriptions to Plaintiff and Class Members in this State and District." *Id.* ¶ 16.  And there are no other class actions currently pending against Adobe that assert similar allegations.  Consequently, as pled, this action falls squarely within the local controversy exception.

Second, under CAFA's "home-state controversy" exception, "[a] district court shall decline to exercise jurisdiction" where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B).  In *Rodriguez v. Instagram, LLC*, the court found that a class defined as "[a]ll residents of the State of California …" was subject to the home-state controversy exception where the plaintiff and defendant were also California citizens.  No. C 12–06482 WHA, 2013 WL 3732883, *2 (N.D. Cal. July 15, 2013).  The court found that "a consumer class defined as California residents is, by and large, a class of California domiciles and that the aberrated case wherein a California resident is domiciled elsewhere is so rare as to fall far short of the one-third needed to defeat the exception." *Id.*  The court further noted that other courts have reached the same conclusion where "plaintiff's own characterizations demonstrate the action's local nature." *Id.* at *3 (collecting cases).  *Rodriguez* is determinative.  As explained above, it is likely that at least two-thirds of the proposed class are California citizens.  And Adobe, the only defendant, also is a California citizen.  Because this action was filed in California, the home-state controversy exception also applies.

For all of these reasons, the Court should decline to exercise subject matter jurisdiction under CAFA.  *See Duran*, 2017 WL 3453362 at *4 ("I must therefore 'decline to exercise jurisdiction' over these claims under CAFA").

## V.     CONCLUSION

Adobe respectfully requests that the Court dismiss the Complaint for lack of subject matter jurisdiction.

Dated: October 28, 2024					FENWICK & WEST LLP


							By: */s/ Jedediah Wakefield*
							    Jedediah Wakefield
							    Tyler G. Newby
							    Molly R. Melcher
							    Brian Buckley (*pro hac vice*)
							    Y. Monica Chan (*pro hac vice*)

							    Attorneys for Defendant Adobe Inc.