JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

Y. Monica Chan (admitted *pro hac vice*)
mchan@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Attorneys for Defendant Adobe Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIKRAM SINGH, FRANK NUNEZ, and ASHLEY BROOKE individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE INC.,<br><br>Defendant. | Case No.: 3:24-cv-03980-JSC<br><br>**DEFENDANT ADOBE INC.'S OPPOSITION TO PLAINTIFFS' MOTION TO LIFT STAY**<br><br>Date: August 25, 2026<br>Time: 10:00 a.m.<br>Dept: Courtroom 8—19th Floor<br>Judge: Hon. Jacqueline Scott Corley |

## TABLE OF CONTENTS

Page


I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 2

A. Procedural History of this Action. .......... 2

B. Mass Arbitration Campaigns Concerning Adobe Subscriptions. .......... 3

C. The Inclusion of Plaintiffs Brooke and Nunez in Labaton's Mass Arbitration Claims and Failure to Notify Adobe. .......... 3

D. Adobe's Immediate Request to Reopen Plaintiffs' Arbitrations. .......... 4

E. The April 22, 2026 Status Conference. .......... 5

F. Plaintiffs Brooke and Nunez Refuse to Arbitrate. .......... 5

III. ARGUMENT .......... 6

A. Adobe Has Not Waived Its Right to Arbitrate Plaintiffs' Claims. .......... 6

B. Plaintiffs' Request for Waiver as to the Mass Arbitration Claimants Is Improper. .......... 9

IV. CONCLUSION .......... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011 (9th Cir. 2023) .......... 6

*Broomes v. FullBeauty Brands Operations, LLC*, No. 24-CV-03558-RFL, 2025 WL 3548680 (N.D. Cal. Dec. 11, 2025) .......... 10

*Caccuri v. Sony Interactive Ent. LLC*, 735 F. Supp. 3d 1139 (N.D. Cal. 2024) .......... 8

*Coinmint, LLC v. Katena Comput. Techs.*, No. 23-cv-04683-RS, 2024 WL 2749429 (N.D. Cal. May 29, 2024) .......... 9

*Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911 (N.D. Cal. 2024) .......... 6

*Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457 (9th Cir. 2023) .......... 6, 8

*Houghton v. Polychain Alchemy, LLC*, No. 24-7243, 2025 WL 2965204 (9th Cir. Oct. 21, 2025) .......... 8

*In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2024 WL 251407 (N.D. Cal. Jan. 23, 2024) .......... 8

*Miller v. Plex, Inc.*, No. 22-cv-05015-SVK, 2024 WL 348820 (N.D. Cal. Jan. 30, 2024) .......... 9

*Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274 (N.D. Cal. 2022) .......... 10

*Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899 (2015) .......... 7

*Smith v. Spizzirri*, 601 U.S. 472 (2024) .......... 9

## Statutes

9 U.S.C. § 3 (Federal Arbitration Act) .......... 1, 9, 11

15 U.S.C. §§ 8401-8405 (Restore Online Shoppers’ Confidence Act) .......... 3

California Business & Professions Code § 17600 et seq. (California’s Automatic Renewal Law) .......... 3

## I. INTRODUCTION

Plaintiffs' Motion fails to show a basis to lift the Court's stay as to their individual claims, much less as to thousands of other claims that are not before the Court.

Plaintiffs Brooke and Nunez remain subject to the Court's order compelling their claims to arbitration. Dkt. 60. That should have ended their involvement in this action. Instead, in December 2025, their arbitration demands were quietly folded into a batch of 419 "amended" demands that Labaton Keller Sucharow—a firm not of record in this case—filed with JAMS on their behalf, without ever disclosing to Adobe's counsel in this case that Labaton now purported to represent them. Adobe, following the same contractual small-claims election it had applied to hundreds of earlier Labaton demands, elected small claims court for the entire December 2025 batch without knowing that Plaintiffs' claims were buried inside it. When Adobe learned otherwise, it promptly wrote to JAMS, withdrew its small-claims election as to Plaintiffs, and asked that their arbitrations be reopened. Adobe has never wavered from that position. JAMS has confirmed it stands ready to resume administration if the parties agree or a court so orders. The only obstacle to arbitration is Plaintiffs' own refusal to proceed.

On these facts, Plaintiffs cannot carry their burden of showing that Adobe knowingly and intentionally acted inconsistently with its right to arbitrate. An act taken in ignorance of the very claims said to be affected is not "intentional" in any sense that the waiver doctrine recognizes, and Adobe's immediate remedial efforts upon learning the facts are the opposite of the sustained, deliberate litigation conduct that has supported findings of waiver in the cases Plaintiffs cite. Nor is there any basis to extend a waiver finding—assuming (incorrectly) that one could be made as to Plaintiffs—to the thousands of other Labaton mass arbitration claimants who are not parties to this action, have not briefed this issue, and are independently pursuing their own claims pursuant to Adobe's contractual dispute resolution provision.

This Court should deny Plaintiffs' Motion and rule that the mandatory stay under Section 3 of the Federal Arbitration Act remains in place until Plaintiffs Brooke's and Nunez's arbitrations are resolved on the merits.

## II. FACTUAL BACKGROUND

### A. Procedural History of this Action.

On March 14, 2025, Plaintiffs filed a Second Amended Complaint, adding Frank Nunez and Ashley Brooke as plaintiffs. Dkt. 38. Counsel of record for Plaintiffs in this litigation is Bursor & Fisher P.A. and Gucovschi Law Firm. *See id.* On April 18, 2025, Adobe filed a motion to compel Plaintiffs Brooke and Nunez to arbitrate their claims based on the arbitration provision in Adobe's General Terms of Use. Dkt. 43. On August 1, 2025, the Court granted Adobe's motion to compel Plaintiffs Brooke and Nunez to arbitrate their claims (Dkt. 60) and granted the motion to dismiss as to Mr. Singh with leave to amend (Dkt. 61). On September 2, 2025, Plaintiffs filed a notice stating that Mr. Singh will not file an amended complaint and will pursue his claims in arbitration. Dkt. 64. The Court issued an order staying the case pending arbitration and instructed the parties to file a status report in 120 days. Dkt. 65.

On January 9, 2026, the parties filed a joint status report in which Plaintiffs Brooke and Nunez reported that they submitted notice of their arbitration claims to JAMS and that JAMS stated that their claims were being processed.[1] Dkt. 69. At that time, Fenwick had not been served with any arbitration demands on behalf of Plaintiffs. *See* Declaration of Jedediah Wakefield ¶ 2. Following that status update, Adobe did not hear anything from Plaintiffs' counsel in this action until March 31, 2026, when Plaintiffs filed a status report stating that, on February 10, 2026, JAMS closed Plaintiffs Brooke's and Nunez's arbitration cases and sent them to small claims court. Dkt. 71.

As discussed below, Adobe subsequently learned that Plaintiffs' arbitration demands were included in a wave of hundreds of "amended" arbitration demands against Adobe as part of an ongoing mass arbitration campaign by Labaton, not by Plaintiffs' counsel in this action. Declaration of Joe Farris ¶¶ 2, 4.

[1] To date, Plaintiffs' counsel has not indicated that Mr. Singh has filed an arbitration demand and Adobe is not aware of any arbitration demand filed by Mr. Singh. Declaration of Michael Berta ¶ 5; Wakefield Decl. ¶ 3.

### B. Mass Arbitration Campaigns Concerning Adobe Subscriptions.

Separate from this litigation, and before Plaintiffs' counsel added Plaintiffs Brooke and Nunez to this action, other law firms had initiated mass arbitration campaigns against Adobe concerning its subscription practices, purporting to assert claims under the Restore Online Shoppers' Confidence Act (ROSCA) and related state laws on behalf of thousands of individual clients. Farris Decl. ¶ 2. Those arbitration campaigns followed the United States Department of Justice's announcement of a June 2024 lawsuit against Adobe under ROSCA.[2]

Beginning in February 2025, Labaton launched such an arbitration campaign, sending a first wave of pre-arbitration notice letters to Adobe on behalf of several thousand claimants. *Id.* Adobe retained Arnold & Porter Kaye Scholer LLP to represent it in connection with those mass arbitrations. *Id.* These nearly identical letters asserted alleged violations of ROSCA and related state law claims against Adobe and, for claimants located in California, alleged violations of California's Automatic Renewal Law. *Id.* In May 2025, Labaton filed arbitration demands against Adobe with JAMS on behalf of 1,157 claimants. Plaintiffs Brooke and Nunez were not among these 1,157 claimants. *Id.*

The dispute resolution provision in Adobe's General Terms of Use provides that, "[i]f either party files a Claim in arbitration that could have been brought in small claims court, the other party may provide notice that it wants the case decided in small claims court before the appointment of an arbitrator." Dkt. 44-1 § 14.5; Berta Decl. ¶ 2. Pursuant to that provision, on June 4, 2025, Adobe elected to send Labaton's mass arbitration claims to small claims court and JAMS closed the cases. Farris Decl. ¶ 3.

### C. The Inclusion of Plaintiffs Brooke and Nunez in Labaton's Mass Arbitration Claims and Failure to Notify Adobe.

On or around December 24, 2025, Labaton filed a second wave of 419 arbitration demands with JAMS. Farris Decl. ¶ 4. Those demands indicated that they were "amended," but many were filed on behalf of new claimants, including those filed on behalf of Plaintiffs Brooke and Nunez.

---

[2] The Department of Justice recently announced a settlement of that litigation, which the court approved on April 10, 2026. https://www.justice.gov/opa/pr/adobe-agrees-150-million-settlement-and-injunction-resolve-alleged-violations-restore-online.

*Id.*; Ex. A. Critically, Labaton did not disclose that they now represented Plaintiffs Brooke and Nunez, and Plaintiffs' counsel in this action did not serve the demands on Fenwick. *Id.* Adobe therefore did not realize at the time that Plaintiffs Brooke and Nunez were included among the 419 demands. *Id.*

As it had with the earlier wave of arbitration claims, Adobe elected to send Labaton's December 2025 mass arbitration claims to small claims court pursuant to Section 14.5 of Adobe's dispute resolution provision. *Id.* ¶ 5. On February 10, 2026, JAMS administratively closed all 419 case files, including those of Plaintiffs Brooke and Nunez. *Id.*

**D. Adobe's Immediate Request to Reopen Plaintiffs' Arbitrations.**

As noted above, Adobe did not ascertain that Plaintiffs Brooke's and Nunez's claims were included in a wave of hundreds of so-called "amended" arbitration demands by Labaton until investigating the assertion in Plaintiffs' March 31, 2026 status report in this action. Berta Decl. ¶ 4.

Within ten days of that report, on April 10, 2026, Adobe sent a letter to JAMS withdrawing its request to close the arbitration case files of Plaintiffs Brooke and Nunez. Farris Decl. ¶ 6; Ex. B. Adobe further requested that JAMS reopen their case files and stated that it would pay any invoices JAMS issued with respect to Plaintiffs. *Id.*

On April 15, 2026, the parties filed an Updated Joint Case Management Statement. Dkt. 73. Adobe explained the full procedural history and stated it has operated in good faith and "stands ready to resolve Plaintiff Brooke's and Nunez's disputes through arbitration." *Id.*

On April 17, 2026, Labaton sent JAMS a letter on behalf of Plaintiffs Brooke and Nunez opposing Adobe's request to reopen, asserting that Adobe had "waived arbitration . . . as it has for thousands of other customers," and stating that Claimants were "not asking JAMS to reopen the [ ] files" but instead would await this Court's guidance. Farris Decl. ¶ 7; Ex. C.

On April 20, 2026, Adobe's counsel in the mass arbitrations (Arnold & Porter) responded to JAMS, disputing that Adobe had waived arbitration, and clarifying that "[t]o the extent Nunez and Brooke still want to adjudicate their claims, Adobe agrees to do so in arbitration, and it will not elect small claims court for those two individual matters." *Id.* ¶ 8; Ex. D.

**E. The April 22, 2026 Status Conference.**

During the status conference on April 22, 2026, the Court confirmed that the case remained stayed and advised Plaintiffs that the appropriate procedural mechanism to proceed would be to file a motion to lift the stay. Wakefield Decl. ¶ 4; Ex. A at 4:13-16. In response to questioning from the Court, Plaintiffs' counsel confirmed that the demands of Plaintiffs Brooke and Nunez had not been sent to counsel of record (Fenwick).

The Court then stated: "That seems to me to be a big issue . . . if that demand was not sent to counsel of record in this case, I don't understand why. And, then, their explanation then seems plausible as to what happened." *Id.* at 4:21-25. The Court further stated that if the demand had been served and Adobe nonetheless moved to dismiss the arbitration, "that would be a different case" than one where litigation counsel was not served. *Id.* at 5:1-7. The Court told Plaintiffs' counsel: "you can decide whether to bring your motion to [lift] stay." *Id.* at 4:21-24. The Court did not state or suggest that Adobe had waived its right to compel arbitration, nor did the Court endorse or direct the filing of a motion to lift the stay.

**F. Plaintiffs Brooke and Nunez Refuse to Arbitrate.**

Despite the Court's comments at the Status Conference, Plaintiffs informed JAMS on April 24, 2026, that "Judge Corley suggested that Adobe may have waived its right to compel arbitration by invoking a small claims election and asking JAMS to close the matters" and that the Court further stated that Plaintiffs "should file a motion to lift the stay in the underlying class action so these issues can be determined." Farris Decl. ¶ 9; Ex. E. Adobe replied on April 29, 2026 that Plaintiffs' representation of the recent status conference "materially mischaracterize[d] Judge Corley's statements," and Adobe attached a copy of the transcript from the proceedings to clarify the record. *Id.* ¶ 10; Ex. F. Adobe explained that the Court did not imply that Adobe waived its rights to arbitration and did not instruct Plaintiffs to file a motion to lift the stay in this matter. *Id.* Given the dispute between the parties, JAMS wrote on May 20, 2026, that "JAMS is unable to proceed at this time. If the parties agree or the Court orders the parties to proceed, JAMS will resume administration at that time." *Id.* ¶ 11; Ex. G.

On July 1, 2026, Plaintiffs filed this Motion asking this Court to find that Adobe "waived its right to arbitrate" this matter and to lift the stay—not only as to Plaintiffs Brooke and Nunez, but "as to, at least, all consumers who attempted to proceed in arbitration and had their cases administratively closed." Dkt. 78 ("Mot."). Plaintiffs further request leave to file a Third Amended Complaint on behalf of themselves and "additional consumers affected by Adobe's conduct." *Id.*

## III. ARGUMENT

Adobe did not waive its right to arbitrate Plaintiffs Brooke's and Nunez's claims. Adobe's actions, when viewed in the totality of the circumstances as Ninth Circuit precedent requires, reflect a consistent intent to arbitrate. Adobe is prepared to arbitrate Plaintiffs' claims, and JAMS is prepared to reopen the matters; only Plaintiffs stand in the way of arbitration. And there is no basis for Plaintiffs to seek relief as to the other mass arbitration claimants. The Court should deny Plaintiffs' Motion.

### A. Adobe Has Not Waived Its Right to Arbitrate Plaintiffs' Claims.

Plaintiffs Brooke and Nunez fail to satisfy their burden of showing that Adobe waived its right to arbitrate their claims. *See Ghazizadeh v. Coursera, Inc.*, 737 F. Supp. 3d 911, 919 (N.D. Cal. 2024) ("Plaintiff, as the party opposing arbitration, 'bears the burden of showing waiver'") (citation omitted). To establish waiver, Plaintiffs Brooke and Nunez must show "(1) knowledge of an existing right to compel arbitration, and (2) intentional acts inconsistent with that existing right." *Id.* (finding no waiver and granting motion to compel arbitration).

Adobe does not dispute its knowledge of the right to compel arbitration; indeed, it has invoked and seeks to enforce it. What is in dispute is whether Adobe's application of the small claims election to Plaintiffs Brooke's and Nunez's demands as part of the December 2025 batch of 419 demands was an "intentional act[] inconsistent with" that right. It was not.

The second element requires "intentional acts inconsistent with" the right to arbitrate—meaning the challenged act must be intentional with respect to the specific claim said to have been waived. *See Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023) (courts examine the "totality of the parties' actions" to determine waiver); *Hill v. Xerox Bus. Servs., LLC*, 59 F.4th 457, 472 (9th Cir. 2023) (waiver exists only where a party's conduct "evince[s] the party's

partiality for a judicial resolution of the claims"). An act cannot be intentional with respect to a claim of which the actor is unaware. When Adobe applied its small-claims court election to the December 2025 batch of 419 arbitration demands, it had not yet ascertained that Plaintiffs Brooke's and Nunez's claims, which this Court had already ordered to arbitration, were bundled within that batch. As noted above, Fenwick was never served with the demands, and neither Plaintiffs' counsel nor Labaton alerted Fenwick that Labaton was now purporting to represent Plaintiffs. Plaintiffs' own counsel confirmed as much at the April 22, 2026 CMC, acknowledging that the demand "was not sent to counsel of record in this case." *See* Wakefield Decl. Ex. A at 4:17-20.

That context explains why Adobe lacked claim-specific awareness at the time of the challenged act. The record cannot support a finding that Adobe knowingly and deliberately treated Plaintiffs Brooke's and Nunez's claims inconsistently with its right to arbitrate them. It reflects, at most, a mistaken application of the small-claims court election to a claimant list that did not disclose the facts that would have produced a different result—precisely the kind of unknowing conduct that the intentionality requirement is designed to exclude from waiver.[3]

Adobe's conduct upon learning the relevant facts further confirms the absence of any intentional inconsistency with its right to arbitrate. Once informed, Adobe's response was exactly the opposite of conduct inconsistent with arbitration. After Plaintiffs eventually notified Adobe in April that the demands of Plaintiffs Brooke and Nunez were included in the mass arbitration filed by Labaton in December, Adobe promptly notified JAMS that it agreed to arbitrate their demands and requested that their cases be reopened. Farris Decl. ¶ 6. This swift remedial action is the

[3] Plaintiffs' broader suggestion that Adobe's invocation of Section 14.5 generally "was not a legitimate contractual exercise but rather an act designed to deprive plaintiffs of any forum," and that it reflects "a desire to avoid arbitration" rather than a good-faith contractual election, (Mot. at 4), is likewise unsupported. While Plaintiffs half-heartedly attack the provision, they have never argued or established that it is unenforceable. Nor could they, as small claims provisions are common in arbitration agreements and upheld by courts as they provide for a low-cost, simplified forum favoring the consumer. *See, e.g.*, *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 922 (2015). In fact, JAMS's Consumer Arbitration Minimum Standards dictate that arbitration agreements may not preclude a party from seeking remedies in small claims court. Wakefield Decl. ¶ 5, Ex. B. Further, Adobe has arbitrated other consumer claims where the parties were unable to resolve the dispute informally. Berta Decl. ¶ 3. That track record is inconsistent with Plaintiffs' theory that Adobe treats Section 14.5 as a device to escape arbitration and further confirms that Adobe has not engaged in the kind of intentional, forum-avoiding conduct that waiver requires.

antithesis of intentional waiver. Adobe has never wavered from its position that Plaintiffs Brooke's and Nunez's claims belong in arbitration.

Plaintiffs' cases are easily distinguishable as they do not involve the question of waiver *after* a motion to compel arbitration has already been granted. *See* Mot. at 3 (citing cases). Each case involves a party who, with knowledge of the relevant claims, made deliberate, sustained choices to litigate or otherwise act inconsistently with arbitration. For example, in *Hill*, 59 F.4th at 473-74, the Ninth Circuit affirmed waiver where the defendant failed to move to compel arbitration until six years into the litigation after engaging in litigation, including discovery, motions practice, trial preparation, and eventually reached judgment on the merits of the claims at issue. Here, by contrast, Adobe never litigated Plaintiffs Brooke's and Nunez's claims in any forum inconsistent with arbitration; it moved to compel arbitration at the first opportunity, which this Court granted.

Plaintiffs' other cases are similarly inapposite. The courts in those cases found waiver where parties knowingly and deliberately chose to proceed in litigation rather than invoke their arbitration rights as to identified claims. *See In re Google Assistant Priv. Litig.*, No. 19-cv-04286-BLF, 2024 WL 251407, at *6 (N.D. Cal. Jan. 23, 2024) (finding waiver where the defendant failed to assert its right to compel arbitration until *years* into the litigation, completed fact and expert discovery, and sought judicial resolution of the merits through motion practice); *Houghton v. Polychain Alchemy, LLC*, No. 24-7243, 2025 WL 2965204, at *2 (9th Cir. Oct. 21, 2025) (defendant waited *twenty months* to file its motion to compel arbitration after significant discovery and motion practice on the merits); *Caccuri v. Sony Interactive Ent. LLC*, 735 F. Supp. 3d 1139, 1152 (N.D. Cal. 2024) (defendant failed to move to compel arbitration by the jointly proposed deadline and sought judgment on the merits through motion practice). Unlike in these cases, Adobe's consistent position from the outset is that Plaintiffs Brooke's and Nunez's cases must be arbitrated. None of these cases involves the factual scenario presented here: an inadvertent application of a contractual small claims court election to claims that the invoking party did not know were included in a mass arbitration filing, followed by immediate and unequivocal correction upon learning the facts.

Finally, there is no merit to Plaintiffs' argument that they cannot reopen arbitration because there "is no JAMS rule permitting" it (Mot. at 4). Plaintiffs identify no rule barring JAMS from

reopening their arbitrations, Adobe has repeatedly confirmed that it intends to arbitrate Plaintiffs Brooke's and Nunez's claims as agreed, and it has asked JAMS to reopen the matters. *See* Farris Decl. Ex. D (requesting Claimants' claims be reopened); Dkt. 73 at 6 (affirming Adobe's intent to arbitrate Plaintiffs' demands). Indeed, JAMS informed the parties on May 20, 2026, that it would resume administration if the parties agreed or a court ordered it. *See* Farris Decl. Ex. G. Plaintiffs' refusal to consent to reopen arbitration reveals their true objective: to escape the arbitration agreement to which they are bound.

In sum, it is clear that Adobe's request to send the demands of Plaintiffs Brooke and Nunez, which were buried in the 419 "amended" demands from Labaton, was not an intentional act inconsistent with the right to arbitrate, particularly in light of Adobe's subsequent actions to reopen Plaintiffs' arbitrations with JAMS.

The FAA imposes a mandatory obligation on courts to stay actions that have been referred to arbitration. 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 476 (2024) ("That plain statutory text requires a court to stay the proceeding."). That mandate does not expire until "such arbitration has been had in accordance with the terms of the [applicable] agreement." *Id.* At that point, and not before, does a court regain its "ability to lift a stay previously imposed." *Coinmint, LLC v. Katena Comput. Techs.*, No. 23-cv-04683-RS, 2024 WL 2749429, at *1 (N.D. Cal. May 29, 2024); *Miller v. Plex, Inc.*, No. 22-cv-05015-SVK, 2024 WL 348820, at *2 (N.D. Cal. Jan. 30, 2024) ("The Court may lift the stay in this action only if it first determines that 'arbitration has been had in accordance with the terms of the [Parties'] agreement.'" (quoting 9 U.S.C. § 3)). Plaintiffs Brooke and Nunez have failed to show a basis to depart from that clear rule, and the stay should remain in effect.

### B. Plaintiffs' Request for Waiver as to the Mass Arbitration Claimants Is Improper.

Beyond seeking a waiver finding as to Plaintiffs Brooke and Nunez, Plaintiffs ask this Court to declare that Adobe has waived arbitration "as to, at least, all consumers who attempted to proceed in arbitration and had their cases administratively closed." Mot. at 1. This request is procedurally improper and substantively baseless for several independent reasons.

As an initial matter, there is no basis to extend any purported waiver as to Plaintiffs Brooke and Nunez to the thousands of other mass arbitration claimants. Plaintiffs cite no authority, and Adobe is aware of none, supporting the proposition that an alleged waiver in this situation could extend to non-parties. Labaton's thousands of mass arbitration claimants are not parties to this action and are not before the Court on this Motion. Moreover, the other Labaton mass arbitration claimants affirmatively elected to pursue arbitration on an individual basis against Adobe by filing individual arbitration demands with JAMS. Thus, they are not passive putative class members. There is no basis for the Court to adjudicate the rights of absent individuals who have not appeared, have not briefed the issue, and who are actively pursuing their individual claims in another forum.

Even if the other Labaton mass arbitration claimants were considered members of the putative class in this action, there is no basis to establish a class-wide waiver here as Adobe has not litigated the merits of any claim on a class-wide basis. *See, e.g.*, *Roman v. Jan-Pro Franchising Int'l, Inc.*, 342 F.R.D. 274, 293-94 (N.D. Cal. 2022) (distinguishing between class-wide vindication on the merits and a motion aimed solely at the individual circumstances of a single, named plaintiff). *Broomes v. FullBeauty Brands Operations, LLC* is instructive where the court held that, although the defendant had waived arbitration as to the original named plaintiff, it "did not waive its right to arbitrate on a class-wide basis, or as to any of the [newly added plaintiffs]." No. 24-CV-03558-RFL, 2025 WL 3548680, at *2 (N.D. Cal. Dec. 11, 2025). As in *Broomes*, Adobe's conduct at issue here occurred in individual arbitration proceedings concerning discrete claimants' demands, not through class-wide merits litigation in any forum. Adobe's conduct in those separate, individual proceedings therefore cannot establish waiver as to the absent putative class members. *See id.* (defendant's "conduct in other litigation ha[d] little bearing on whether or not there ha[d] been waiver of the right to arbitrate" in the present litigation).

Finally, whether Section 14.5's small-claims election properly applies to any given claimant's demand is, by the express terms of Adobe's arbitration agreement, a question for the small claims court, not this Court or an arbitrator. Section 14.5 provides that any dispute about whether a claim qualifies for small claims court "shall be resolved by that court, not by an

arbitrator." Dkt. 44-1 § 14.5. Adjudicating waiver for the thousands of mass arbitration claimants in this proceeding would circumvent this process.

Accordingly, the Court should decline to extend any waiver finding beyond Plaintiffs Brooke's and Nunez's individual claims.

## IV. CONCLUSION

Based on the foregoing, Adobe respectfully requests that the Court deny Plaintiffs' Motion and order that the mandatory stay remains in place pursuant to the FAA, 9 U.S.C. § 3, while Plaintiffs Brooke and Nunez proceed with arbitrating their claims before JAMS.

Dated: July 29, 2026

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*
Jedediah Wakefield
Tyler G. Newby
Molly R. Melcher
Y. Monica Chan

Attorneys for Defendant Adobe Inc.