# Farris Exhibit D

Arnold & Porter

**Joseph Farris**
+1 415.471.3454 Direct
Joseph.Farris@arnoldporter.com

April 20, 2026

**VIA EMAIL**

Naomi Hutchinson
Nhutchinson@jamsadr.com
Senior Mass Arbitration Practice Specialist
JAMS

*Re: JAMS Ref. 1601005574: Frank Nunez and Ashley Brooke*

Dear Ms. Hutchinson,

Contrary to the Claimants' assertion in their April 17, 2026 letter, Adobe has **not** waived arbitration as to Frank Nunez and Ashley Brooke (or "thousands of other customers").

As explained more fully in the Updated Case Management Statement in *Singh et al. v. Adobe Inc.*, Case No. 3:24-cv-03980-JSC (N.D. Cal.) attached hereto as **Exhibit 1**, Adobe did not know that Nunez's and Brooke's claims were included in the wave of 419 materially identical arbitration demands filed by Labaton Keller Sucharow ("Labaton") on December 22, 2025 until after a March 31, 2026 status report filed in *Singh*. Adobe did not, as Claimants assert, "advis[e] Judge Corley" in January 2026 that Nunez and Brooke had submitted demands to JAMS; rather, it was Nunez and Brooke who "represented" they had done so. But they did not advise that they had done so through different counsel, nor for its part, did Labaton notify Adobe or JAMS that it was now representing Nunez and Brooke before JAMS.

Contrary to Claimants' assertion, Adobe is not unwilling to "drop or withdraw its request that the cases [of Nunez and Brooke] proceed in small claims court." Adobe has done exactly that. After Adobe was finally notified that Nunez's and Brooke's demands were included in the mass arbitration filed by Labaton, Adobe promptly notified JAMS that it agreed to arbitrate their claims. To the extent Nunez and Brooke still want to adjudicate their claims, Adobe agrees to do so in arbitration, and it will not elect small claims court for those two individual matters.

Sincerely,

*/s/ Joseph Farris*
Joseph Farris

Cc: Counsel for Claimants Frank Nunez and Ashley Brooke (mdweck@labaton.com; jwaisnor@labaton.com; efreiman@labaton.com; jgardner@labaton.com; jwilner@bursor.com)

# EXHIBIT 1

JEDEDIAH WAKEFIELD (CSB No. 178058)
jwakefield@fenwick.com
TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
MOLLY R. MELCHER (CSB No. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

Y. MONICA CHAN (admitted *pro hac vice*)
mchan@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: 206.389.4510
Facsimile: 206.389.4511

Attorneys for Defendant Adobe Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIKRAM SINGH, FRANK NUNEZ, and ASHLEY BROOKE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ADOBE INC.,<br><br>Defendant. | Case No.: 3:24-cv-03980-JSC<br><br>**UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date: April 22, 2026<br>Time: 2:00 p.m.<br>Hon. Jacqueline Scott Corley |

Plaintiffs Vikram Singh, Frank Nunez, and Ashley Brooke and Defendant Adobe Inc. submit this joint case management statement pursuant to the Court's April 1, 2026 Order.

**Plaintiffs' Position**

Plaintiffs request the return of this action to federal court after Adobe's bad-faith maneuvering, which sought the Court to compel Plaintiffs Nunez and Brooke to arbitration, advised the Court that their claims were submitted, and then administratively closed their claims.

On August 1, 2025, this Court compelled Adobe to arbitrate the Claims of Frank Nunez and Ashley Brooke (ECF No. 60). On December 24, 2025, Plaintiffs Brooke and Nunez commenced their arbitrations pursuant to this Court's August 1, 2025 Order (ECF No. 60). Adobe acknowledged Plaintiffs' filing in its January 9, 2026 Joint Status Report, stating: "Plaintiffs Brooke and Nunez report that they have submitted notice of their arbitration claims to JAMS, and that JAMS has stated that their claims are currently being processed." (ECF No. 69.) Despite moving to compel Plaintiffs to arbitration before this Court (ECF No. 42), Defendant refused to honor its arbitration agreement, instead asking JAMS to dismiss the arbitrations and force Plaintiffs to pursue their claims in small claims court. On February 10, 2026, at Adobe's request, JAMS closed the arbitration case files. Plaintiffs' counsel is aware of thousands of other claimants whose requests to arbitrate were also dismissed by JAMS and sent to small claims court. Accordingly, Plaintiffs requested a case management conference to address Defendant's refusal to arbitrate. (ECF No. 71).

Since the Court's April 1, 2026 Order, Adobe requested that JAMS reopen Plaintiff Brooke's and Nunez's arbitrations. This is a blatant attempt to avoid accountability for operating in bad faith. Adobe advised the Court that the claims were submitted and chose to request the administrative closure, which JAMS did. There is no JAMS rule permitting reopening or reconsideration of that decision. As such, Plaintiffs Brooke and Nunez are choosing not to re-submit their claims, which Adobe has already demonstrated will not be honored, and are instead seeking the Court's guidance on how to proceed.

//

//

**Defendant's Position**

Plaintiffs' description of events above omits key facts and context. Contrary to Plaintiffs' claims, Adobe has operated in good faith, and it stands ready to resolve Plaintiff Brooke's and Nunez's disputes through arbitration pursuant to its dispute resolution provision.

Procedural History of this Action. The original class action complaint in this matter was filed on July 1, 2024 on behalf of only Plaintiff Vikram Singh by Bursor & Fisher P.A. and Gucovschi Law Firm. Dkt. 1. On October 28, 2024, Adobe moved to dismiss Mr. Singh's Complaint for lack of subject matter jurisdiction on the basis that there was no minimal diversity required for the Class Action Fairness Act. Dkt. 25. Rather than respond to that motion, on November 12, 2024, Plaintiff filed a First Amended Complaint. Dkt. 26. On December 17, 2024, Adobe moved to dismiss the First Amended Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of standing and 12(b)(6) for failure to plead facts sufficient to state a claim. Dkt. 29. The Court granted Adobe's motion to dismiss with leave to amend. Dkt. 34.

On March 14, 2025, Plaintiffs filed a Second Amended Complaint and added two additional Plaintiffs: Frank Nunez and Ashley Brooke. Dkt. 38. On April 18, 2025, Adobe filed a motion to compel Mr. Nunez and Ms. Brooke to arbitrate their claims based on the arbitration provision in Adobe's General Terms of Use. Dkt. 43. Adobe also filed a motion to dismiss Plaintiffs' Second Amended Complaint. Dkt. 46. On August 1, 2025, the Court granted Adobe's motion to compel Mr. Nunez and Ms. Brooke to arbitrate their claims (Dkt. 60) and granted the motion to dismiss as to Mr. Singh with leave to amend (Dkt. 61). On September 2, 2025, Plaintiffs filed a notice stating that Mr. Singh will not file an amended complaint and will pursue his claims in arbitration. Dkt. 64. The Court issued an order staying the case pending arbitration and instructed the parties to file a status report in 120 days. Dkt. 65.

On January 9, 2026, the parties filed a joint status report stating that they conferred about the matter and Plaintiffs Brooke and Nunez reported that they submitted notice of their arbitration claims with JAMS and that JAMS stated that their claims were being processed. Dkt. 69. At that time, Adobe's counsel in this action had not been served with any arbitration demands on behalf of Plaintiffs Brooke or Nunez. Following this status update, Adobe did not hear anything further from

Plaintiffs' counsel in this action until March 31, 2026, when Plaintiffs filed a status report stating that, on February 10, 2026, JAMS closed Plaintiffs Brooke's and Nunez's arbitration cases and sent them to small claims court. Dkt. 71. Plaintiffs requested this case management conference to discuss this issue. *Id.*

As discussed below, Adobe has since learned that the arbitration demands of Plaintiffs Brooke and Nunez were included in a wave of hundreds of arbitration demands against Adobe as a part of an ongoing campaign by Labaton Keller Sucharow LLP ("Labaton"), not by Plaintiffs' counsel in this Action.

Mass Arbitration Campaigns Concerning Adobe Subscriptions. Separate from these proceedings, and before Plaintiffs' counsel added Plaintiffs Brooke and Nunez to this action, other law firms had initiated mass arbitration campaigns against Adobe concerning its subscription practices, purporting to assert claims under the Restore Online Shopper's Confidence Act ("ROSCA") and related state laws on behalf of thousands of individual clients. Those arbitration campaigns followed the United States Department of Justice's announcement of a June 2024 lawsuit against Adobe under ROSCA.[1]

Beginning in February 2025, Labaton launched such an arbitration campaign, sending a first wave of pre-arbitration notice letters to Adobe on behalf of several thousand claimants. Adobe retained Arnold & Porter Kaye Scholer LLP ("Arnold & Porter") to represent it in connection with those mass arbitrations. These nearly identical letters asserted alleged violations of California's Automatic Renewal Law and ROSCA against Adobe. Adobe, through counsel, responded to the letters and requested additional information from Labaton regarding the claimants' allegations. Labaton refused to provide any such information. In May 2025, Labaton filed arbitration demands against Adobe with JAMS on behalf of 1,157 claimants who allege that they sent pre-arbitration letters in February 2025. Plaintiffs Nunez and Brooke were not among these 1,157 claimants. The demands cited Adobe's motion to compel arbitration in this action to advance the claimants' arguments.

[1] The Department of Justice recently announced a settlement of that litigation, which the court approved on April 10, 2026. https://www.justice.gov/opa/pr/adobe-agrees-150-million-settlement-and-injunction-resolve-alleged-violations-restore-online.

Adobe's dispute resolution provision provides that, "[i]f either party files a Claim in arbitration that could have been brought in small claims court, the other party may provide notice that it wants the case decided in small claims court before the appointment of an arbitrator." Pursuant to that provision, Adobe elected to send Labaton's mass arbitration claims to small claims court and JAMS closed the cases.

The Inclusion of Plaintiffs Brooke and Nunez in Labaton's Mass Arbitration Claims.

On or about December 22, 2025, Labaton filed another wave of arbitration demands with JAMS, on behalf of 419 claimants. Those demands indicated that they were "amended," but many were filed on behalf of new claimants, including those filed on behalf of Plaintiffs Nunez and Brooke. At the time, Adobe did not realize that Plaintiffs Nunez and Brooke were included among the hundreds of "amended" mass arbitration demands, nor did Labaton mention that fact. Indeed, although Labaton's mass arbitration demands cited this Court's order compelling arbitration—for the proposition that Adobe customers are bound by Adobe General Terms of Use—they did not mention that Labaton was now representing the same Plaintiffs that had been compelled to arbitrate by this Court. Plaintiffs' counsel also did not serve Plaintiff Nunez and Brooke's demands on Fenwick, counsel of record in this action.

As it had with Labaton's earlier wave of arbitration claims, Adobe elected to send Labaton's December 2025 mass arbitration claims to small claims court pursuant to Adobe's dispute resolution provision. In a January 30, 2026 letter to JAMS, Labaton again cited to this Court's order compelling arbitration when disputing the applicability of the small claims court provision—and again did not mention that Plaintiffs Brooke and Nunez were among the 419 arbitration claimants that Labaton represented.

On February 10, 2026, JAMS administratively closed all 419 case files.

Adobe's Request to Reopen Plaintiff Nunez's and Brooke's Arbitrations. Contrary to Plaintiffs' claims of "bad faith," when Adobe moved to compel arbitration before this Court, Adobe had every intention of resolving Plaintiffs Brooke's and Nunez's claims on an individual basis in arbitration. It did not realize that their claims were included in a wave of hundreds of so-called "amended" arbitration demands by Labaton until investigating the assertion in Plaintiffs' March

31, 2026 status report in this action. Once Adobe realized that Plaintiffs Nunez and Brooke had been included in the later-mass arbitration filed by a different law firm, on April 10, 2026, Adobe sent a letter to JAMS withdrawing its request to close the arbitration case files of Plaintiffs Nunez and Brooke. Adobe further requested that JAMS reopen their case files, at which time Adobe will pay any invoices JAMS issues with respect to them and respond to their previously-filed demands.

In short, after Plaintiffs finally notified Adobe two weeks ago that the Nunez and Brooke demands were included in the mass arbitration filed by Labaton in December, Adobe promptly notified JAMS that it agreed to arbitrate their demands. Plaintiffs' claims remain subject to arbitration, and there is no reason for the Court to disturb its earlier Order compelling their claims to arbitration.

Dated: April 15, 2026

FENWICK & WEST LLP

By: */s/ Jedediah Wakefield*

Jedediah Wakefield
Tyler G. Newby
Molly R. Melcher
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: (415) 875-2300
Facsimile: (415) 281-1350
jwakefield@fenwick.com
tnewby@fenwick.com
mmelcher@fenwick.com

Y. Monica Chan (pro hac vice)
Fenwick & West LLP
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510
Facsimile: (206) 389-4511
mchan@fenwick.com

*Attorneys for Defendant Adobe Inc.*

Case 3:24-cv-03980-JSC Document 173 Filed 04/15/26 Page 7 of 7

Dated: April 15, 2026

BURSOR & FISHER, P.A.

By: /s/ Joshua R. Wilner
Joshua R. Wilner (State Bar No. 353949)
1990 North California Blvd., 9th Floor
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
jwilner@bursor.com

GUCOVSCHI LAW FIRM, PLLC.
Adrian Gucovschi
140 Broadway, Fl. 46
New York, NY 10005
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
adrian@gucovschilaw.com

*Attorneys for Plaintiffs Vikram Singh, Frank Nunez, and Ashley Brooke*

**ATTESTATION**

The undersigned attest that concurrence in the filing of the foregoing document was obtained from all of its signatories.

Dated: April 15, 2026

*/s/ Jedediah Wakefield*
Jedediah Wakefield