United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIKRAM SINGH, et al.,

Plaintiffs,

v.

ADOBE INC.,

Defendant.

Case No. 3:24-cv-03980-JSC

**ORDER RE: PLAINTIFFS' MOTION TO LIFT THE STAY**

Re: Dkt. No. 78

Plaintiffs brought this putative class action on behalf of California consumers alleging when consumers sign up for an Adobe subscription online, Adobe enrolls them into a program that automatically renews the subscriptions, and in doing so, fails to provide the disclosures and authorizations California law requires. On August 1, 2025, the Court granted Adobe's motion to compel arbitration of Plaintiff Frank Nunez's and Ashley Brooke's claims and stayed their claims pending arbitration at Adobe's request.[1] (Dkt. No. 60 at 13.[2]) Plaintiffs Nunez and Brooke now insist Adobe waived its rights to arbitrate their claims and move to lift the stay. (Dkt. No. 78.) After carefully considering the parties' briefs and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), VACATES the August 25, 2026 hearing, and DENIES the motion to lift the stay.

[1] The same day, the Court dismissed Plaintiff Vikram Singh's claims with leave to amend and Mr. Singh then elected to pursue his claims in arbitration. (Dkt. Nos. 61, 64.)

[2] Record Citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the document.

United States District Court
Northern District of California

**DISCUSSION**

Plaintiffs, as the party asserting waiver, must show: "(1) knowledge of an existing right to compel arbitration and (2) intentional acts inconsistent with that existing right." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1015 (9th Cir. 2023). There is no dispute as to the first element—Adobe has invoked its right to compel arbitration and successfully moved to compel arbitration. (Dkt. No. 60.)

Plaintiffs insist Adobe acted inconsistently with that right when, after the Court granted Adobe's motion to compel arbitration, Adobe elected to pursue their claims in small claims court rather than arbitration. (Dkt. No. 78.) Plaintiffs' argument, however, omits several significant facts which are laid out in Adobe's opposition.[3]

First, in May 2025, the law firm of Labaton Keller Sucharow filed a mass arbitration demand against Adobe on behalf of 1,157 claimants. Adobe retained Arnold & Porter Kaye Scholer LLP to represent it in the mass arbitration. (Dkt. No. 81-1, Farris Decl. at ¶ 2.) Pursuant to Adobe's General Terms of Use, Adobe sent the May 2025 mass arbitration demand to small claims court. (*Id.* ¶ 3.) About four months after the Court granted Adobe's motion to compel arbitration of Plaintiffs Nunez's and Brooke's claims, the Labaton law firm filed another mass arbitration demand on behalf of 419 different claimants. Nunez and Brooke were included in those 419 claimants. The Labaton firm did not serve this mass arbitration demand on Adobe's counsel in this action; instead, they served it on Arnold & Porter. (*Id.* at ¶ 4.) Labaton "did not specifically disclose to Arnold & Porter that they now represented Ms. Brooke and Mr. Nunez and did not reference this action in the cover email of the demands." (*Id.*) Thus, Adobe's counsel in this case was not aware that Nunez's and Brooke's claims had been included in this mass arbitration demand and, as it had with the prior mass arbitration demand, Adobe "elected to send the entire December 2025 wave of 419 arbitration demands to small claims court pursuant to the dispute resolution provision in Adobe's General Terms of Use." (*Id.* at ¶¶ 4-5.)

Second, on April 10, 2026, ten days after Adobe learned Plaintiffs Nunez's and Brooke's

[3] Plaintiffs did not file a reply brief and thus have not disputed any of the representations in Adobe's motion.

claims had been included in the mass arbitration demand, Adobe sent a letter to JAMS

> (a) withdrawing its earlier request to close the arbitration case files of Plaintiffs Brooke and Nunez;
> (b) requesting that JAMS reopen their case files;
> (c) confirming that Adobe would pay any invoices JAMS issued in connection with those arbitrations; and
> (d) confirming that Adobe would respond to Plaintiffs Brooke's and Nunez's arbitration demands.

(*Id*. at ¶ 6; Ex. B.) A week later, Labaton insisted in a letter to JAMS that Adobe had waived its right to arbitrate Nunez's and Brooke's claims. (Dkt. No. 81-1, Farris Decl. at ¶ 7.) Adobe responded writing: "To the extent Nunez and Brooke still want to adjudicate their claims, Adobe agrees to do so in arbitration, and it will not elect small claims court for those two individual matters." (*Id*. at ¶ 8; Ex. D.) At a status conference held in this case two days later, Plaintiffs' counsel confirmed Plaintiffs had not served Adobe's counsel in this case with a copy of Nunez's and Brooke's arbitration demand. (Dkt. No. 77 at 4.) The Court expressed its confusion as to why the demand had not been sent to counsel in this case and indicated it did not understand how Plaintiffs could argue waiver if the demand had not been sent to the appropriate counsel. (*Id.* at 4-5.) Over two months later, Plaintiffs filed the now pending motion to lift the stay arguing Adobe waived its right to compel arbitration.

Plaintiffs have failed to meet their "heavy burden" of demonstrating intentional acts by Adobe inconsistent with its right to compel arbitration. *Armstrong*, 59 F.4th at 1015-16 (noting courts consider the totality of the parties' actions). Adobe has consistently evidenced its intent to arbitrate Nunez's and Brooke's claims—first, by immediately moving to compel arbitration of their claims, and second, by asserting its intent to arbitrate as soon as it became aware their claims had been included in the mass arbitration demand. And Adobe did so despite Plaintiffs' apparent gamesmanship in having two different law firms represent them in two different forums and failing to advise Adobe's counsel in this action of their participation in the mass arbitration demand.

So, Plaintiffs' motion to lift the stay is denied. The Court's Order compelling arbitration and staying this action remains in effect.

//

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to lift the stay is DENIED.

This Order disposes of Docket No. 78.

**IT IS SO ORDERED.**

Dated: August 19, 2026

Jacqueline Scott Corley

JACQUELINE SCOTT CORLEY
United States District Judge